UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DORA DIARHE,

                          **Plaintiff,**                      **MEMORANDUM**
                                                                  **AND ORDER**

                          -against-                            21-CV-3757 (LDH) (RLM)

OCEANVIEW NURSING & REHABILITATION
CENTER, LLC,

                          **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In a letter-motion filed on April 6, 2022, plaintiff Dora Diarhe ("plaintiff") seeks an order compelling defendant Oceanview Nursing & Rehabilitation Center, LLC ("defendant" or "Oceanview") to provide four categories of discovery information or materials. See generally Letter Motion for Discovery (Apr. 6, 2022) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #18. Defendant largely opposes plaintiff's motion to compel. See generally Response in Opposition (Apr. 18, 2022) ("Def. Opp."), DE #20. Addressing each category in turn, the Court grants in part and denies in part plaintiff's motion to compel.

## DISCUSSION

### I. Contact Information

The parties' first dispute concerns defendant's refusal to provide contact information relating to a series of individuals identified in defendant's answers to plaintiff's interrogatories. Citing a single out-of-circuit decision, Curley v. Cumberland Farms, Inc., 134 F.R.D. 77 (D.N.J. 1991), defendant argues that plaintiff's counsel is ethically prohibited from communicating directly with the specified individuals; according to defendant, because these

individuals are alleged to have "performed acts or omissions that might be imputed to Defendant for purposes of liability" in this case, Def. Opp. at 2, they are all "part of Oceanview's litigation control group and may be contacted [only] through [defense counsel,]" id. at 1. Notably, defense counsel does not claim to represent any of the specified individuals, but instead contends that the issue of individual representation "is not relevant" to this discovery dispute. See id. at 2.[1]

Defendant's reliance on the Curley case is misplaced, as its rationale does not represent the law in this Circuit.[2] In-circuit decisions, including one by now Circuit Judge José A. Cabranes, have repeatedly refused to prohibit *ex parte* communications initiated by counsel for one party with the former employees of an adverse corporate or other entity party.[3] See, e.g., Walker v. United States, 18 CV 2829 (ARR) (CLP), 2021 WL 4988151, at *2-4 (E.D.N.Y. Aug. 10, 2021); Lozama v. Samaritan Daytop Vill., Inc., 18 CV 4351 (DLI)(RML), 2019 WL 1002954, at *1-2 (E.D.N.Y. Mar. 1, 2019); Dubois v. Gradco Sys., Inc., 136 F.R.D. 341, 343-46 (D. Conn. 1991) (Cabranes, J.); Polycast Tech. Corp. v. Uniroyal, Inc., 129 F.R.D. 621, 626-28 (S.D.N.Y. 1990). Therefore, this Court overrules defendant's objection to providing contact information for the specified individuals, except the two as to whom plaintiff has withdrawn the request (i.e., Annmarie Coombs and Cornell Murray). See Pl. Motion at 2.

---

[1] Thus, defendant makes no showing that contacts with those individuals would jeopardize privileged communications.

[2] In any event, the Court in Curley declined to issue the requested protective order. See Curley, 134 F.R.D. at 82-83.

[3] While defendant's submission is silent as to whether any of the individuals are its *current* employees, the Court infers from its reliance on Curley that all or most are former employees.

**II.     Clarification Regarding Document Production**

Plaintiff next "seek[s] clarity" as to whether defendant has withheld any responsive materials and, if so, on what basis. See Pl. Motion at 3. Defendant replies that it has "produced all [responsive] non-privileged documents[,]" except those that constitute "privileged attorney-client communications[.]" Def. Opp. at 2. Defendant thus has provided the requisite clarification, except that, to the extent defendant has not already done so, see Pl. Motion at 3, defendant must promptly prepare and serve a privilege log, see Fed. R. Civ. P. 26(b)(5)(A); E.D.N.Y./S.D.N.Y. Local Civ. R. 26.2.

**III.    Redacted Documents**

Plaintiff next complains that, "ignor[ing] the confidentiality order in this case," defendant has improperly redacted documents on the basis of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Pl. Motion at 3.[4] Defendant counters that the "limited and narrow redactions" relate to "information [that] is expressly protected from disclosure by HIPAA." Def. Opp. at 3. Having reviewed the examples proffered by plaintiff (Pl. Motion Exhibit K, DE #48-11), which consist of redactions of what appears to be patients' identifying information, this Court rules as follows: The Confidentiality Order in this case (DE #16-1), which does not expressly address HIPAA information relating to non-parties such as patients, was not intended to supplant HIPAA protections; therefore, the Court declines to order defendant to disclose information that was redacted under HIPAA.[5]

---

[4] Plaintiff also objects to defendant's redaction of contact information. See Pl. Motion at 3. To the extent that the redacted contact information is not HIPAA-related, this Court agrees with plaintiff that, as explained in Part I above, such information is discoverable.

[5] To the extent that plaintiff can articulate a particularized need for information in a specific redaction, plaintiff may apply to the Court for an order disclosing such information, and the Court will determine whether to deny the request or, before authorizing disclosure, provide notice to the non-party whose information is being sought.

3

## IV.     Information Concerning the Alleged Cyberattack at Oceanview

Lastly, plaintiff seeks information concerning a cyberattack at Oceanview, which defense counsel disclosed at a meet-and-confer on February 24, 2022.  See Pl. Motion at 3.  After explaining that defendant "was the victim of a ransomware event in or about April 2021 that resulted in Oceanview's hard drives being completely wiped out[,]" defendant adds that "[p]laintiff's counsel will have the opportunity to explore the subject in greater detail" at a Rule 30(b)(6) deposition of defendant's corporate representative scheduled for April 26, 2022.  Def. Opp. at 3.  This aspect of plaintiff's motion is therefore denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is granted in part and denied in part, to the extent described above.  By May 5, 2022, defendant shall disclose the contact information sought by plaintiff and serve a log of documents withheld on the basis of the attorney-client privilege.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
          **April 26, 2022**

                                      /s/ *Roanne L. Mann*
                                      **ROANNE L. MANN**
                                      **UNITED STATES MAGISTRATE JUDGE**